## SUPREME COURT — GENERAL TERM.

### December, 1850.

---

### VAN WINKLE v. CONSTANTINE.

Where it is not necessary, in order to convey her land, for a married woman to make a separate acknowledgment, her deed may be proved as the deed of any single person.

The question of the death of a subscribing witness, is purely a matter for the court, on a question of admitting proof of his handwriting, and the jury have no concern with it.

THIS was an action of ejectment, brought in the Superior Court of New York. It appeared on the trial, that Jane Van Winkle, from whom both parties claimed to derive their title, was seized in fee of the premises in May, 1760.

She was then married, and joined with her husband in a deed of the land to Jacob Van Winkle, under whom the defendant claimed.

The deed was not acknowledged, but was proved by evidence of the death of the two subscribing witnesses, and the genuineness of their signatures.

The questions raised on the trial were, whether the deed was in form sufficient to convey the wife's estate, and whether it was valid without an acknowledgment. Exceptions were taken to the judge's charge, and, on writ of error, were brought before the Supreme Court.

*D. D. Field*, for appellant.

*E. Sandford*, for respondent.

*Edmonds, P. J.*, delivered the opinion of the court:

Van Winkle v. Constantine.

There are two main points in this case which were disposed of and definitely settled in the Court of Errors, in 6 Hill, 177, viz., that the deed was admissible in evidence without proof of an acknowledgment by Jane Van Winkle, and that it operated to convey her title as well as her husband's.

These points were distinctly before that court, and were passed upon by the several senators, who delivered opinions, and were, as I understand it, the grounds on which that court unanimously reversed the judgment of this court.

It is not now competent for us to question the propriety of that decision, nor to entertain the suggestion that it was based upon error, either of law or of fact. That suggestion cannot be listened to here without our assuming a province which does not belong to us, that, namely, of reviewing the determinations of the court of last resort.

Other points, however, are raised now which were not disposed of in that decision, and those I proceed to consider:

1. The sufficiency of the proof of execution, by proving the handwriting of the witnesses and their death, was very differently raised on the argument from what it was in the court below.

The point made below, by the plaintiff's request to charge, was, that the mere proof of handwriting of subscribing witnesses, after their death, was not sufficient proof that a married woman executed the deed voluntarily and without compulsion from her husband. The Court of Errors having ruled that her separate acknowledgment was not necessary, her execution was, of course, to be proved as if she were unmarried, and in such case the converse of the proposition of the plaintiff was true, and the court below very properly refused to charge as requested.

2. In this view, it is unnecessary to consider whether the instrument could be read as an ancient deed; nor can I discover that any point on that subject was raised in the court below.

3. There was no error in the judge's charge, as to Patrick Darry's death. The question of his death was a question for the court, not the jury, upon the admissibility of the deed in

evidence; and before it could be read in evidence, it was necessary for the court to determine that the evidence of the death of the subscribing witnesses was sufficient, and I do not see that the jury had any thing to do with it.

As a decision of the court on that point, I see nothing to impeach it. The evidence given, and the great lapse of time, were, undoubtedly, enough to warrant the belief of Dally's death.

4. Nor do I discover any error in the ruling, as to the evidence of usage. I see no other applicability of that evidence than to show that the Court of Errors had proceeded on an erroneous basis, in some of the reasons given by some of its members for their decision. Surely evidence offered for such a purpose could not be admissible.

5. The judge's comments to the jury, on the facts of the case, might have been good ground for applying in the court below for a new trial on a case, but they are no fit subjects for our consideration in error, where questions of law only can be discussed.

6. And lastly, the refusal of the judge to charge, that there was a legal presumption that the wife, in executing the deed, was acting under the coercion of her husband, was of no consequence, whether right or wrong, because he very distinctly left the question to the jury to say, under the proof in the case, whether they were satisfied of the due execution of the deed by her; and they having found that fact, necessarily passed on the question, whether she executed it freely, or under such duress as would have avoided the act.

The judgment ought to be affirmed.

[NOTE. — This judgment was affirmed in the Court of Appeals (10 N. Y. 430), upon the grounds above stated, as well as others. In the opinion there given, all that is said of the grounds here taken is: "The other questions raised were satisfactorily disposed of by the court, and I concur in the reasoning and the conclusions of the learned judge who pronounced the opinion."

This language of the Court of Appeals is unintelligible without this report of the case in the Supreme Court.]